# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ANGELA SCHUNCEY RICHARDSON                                                    PLAINTIFF
ADC #712575

v.                                  1:18cv00008-JJV

WENDY KELLEY,
Director, ADC; *et al.*                                                      DEFENDANTS

## MEMORANDUM AND ORDER

Angela Schuncey Richardson ("Plaintiff") is incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC") and brings this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) She makes several allegations, the crux of them being she has been subjected to treatment that is both retaliatory and discriminatory. (*Id*. at 6.)

Upon review of these allegations,[1] I find Plaintiff is allowed to proceed on her retaliation claims. Her remaining claims – including her First Amendment claims involving the confiscation of her mail and interference with her access to the courts, her equal protection claims alleging discrimination based on both sexual orientation and race, and her conditions of confinement claims regarding being housed with a disabled inmate – will be dismissed. Because Plaintiff's various claims are factually unrelated to one another, they are unsuited to prosecution in a single action against multiple defendants. *See* Fed. R.

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Civ. P. 20(a)(2). If Plaintiff wishes to pursue her other claims, she may do so in a separate action for each.

Although it is somewhat unclear, I construe Plaintiff's Complaint as stating retaliation claims against Defendants Wendy Kelley, Dexter Payne, D. Golden, Tami Jo Aiken, Clara Robinson, V. Spence, and John Herrington. Her claims against Defendants Chris Johnson, Jeannie Long, Roger Ayers, and Maurice Culclager do not appear to involve allegations of retaliation. Accordingly, Defendants Johnson, Long, Ayers, and Culclager are dismissed from this action.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff is allowed to proceed on her retaliation claims against Defendants Kelley, Payne, Golden, Aiken, Robinson, Spence, and Herrington.

2. All other claims are DISMISSED from this action without prejudice.

3. Defendants Johnson, Long, Ayers, and Culclager are DISMISSED from this action without prejudice.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

SO ORDERED this 16th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE